IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAWNEE NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-2 L |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S NOTICE OF FILING A**
**PROPOSED RECORD RETENTION ORDER**

By order filed August 14, 2007, the Court ordered the parties to submit a joint proposed document preservation order no later than August 31, 2007. The parties have attempted to negotiate a joint proposed order but remain apart on one definition. The parties agree to all other provisions. The United States has attached a proposed order for the Court's consideration. Defendant Exhibit 1.

In submitting a proposed retention record, pursuant to the Court's instruction, Defendant is respectfully not waiving its position or any of its arguments that a record retention order is unnecessary and unwarranted in this case. In particular, Defendant is not waiving its argument, among others, that there has been no showing that "absent a court order, there is significant risk that relevant evidence will be lost or destroyed[.]" Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 (Fed. Cl. 2004). Further, Defendant is not waiving its argument that there has been no showing that a record retention order, such as the one that this Court appears determined to enter, will be effective and not unduly burdensome, as required under applicable case law. Id. Defendant—in particular, the United States Departments of the Interior and of the Treasury, the two federal agencies that are principally involved in the trust accounting and trust mismanagement issues and

claims that have been asserted by Plaintiff in this case—has taken reasonable steps to preserve documents and data that are relevant to, or that may lead to the discovery of information that is relevant to, Plaintiff's issues and claims herein. These steps include but are not limited to the promulgation of agency-wide guidelines and directives for the preservation of certain documents and data; periodic written reminders to employees regarding their preservation duties; training of agency and tribal employees. and the opening, operation, and maintenance of the American Indian Records Repository (AIRR) in Lenexa, Kansas, to consolidate and house in one central repository the Interior Department's inactive Indian trust documents and data, including the fiduciary records that are relevant or potentially relevant to the issues and claims herein. Defendant is prepared to submit to the Court detailed briefing and other documentation, including declarations of knowledgeable agency officials, regarding the factual and legal bases for Defendant's opposition to a record retention order herein, if the Court deems such briefing to be appropriate and desirable.

Defendant also respectfully asserts that any record retention order entered by the Court herein should not include provisions relating to the movement, transfer, or location of certain documents, data, and tangible things, because such provisions belong appropriately in discovery-related orders or the joint preliminary status report required by Appendix A of the Rules of the Court of Federal Claims (RCFC), not in a record retention order. Id., ¶¶ 4, 5. Nevertheless, to the extent that the Court deems it necessary to have such provisions in the record retention order that it has proposed to enter in this case, we ask the Court to adopt Defendant's proposed language because it provides for a written notice to Plaintiff concerning the type of documents to be moved and the originating location .

Defendant provides the following explanation for the one definition in Defendant Exhibit

1 upon which the parties disagree. The parties disagree over the following underscored language in the first sentence of paragraph 2(b) which states "'Preserve'" shall be interpreted to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under RCFC 26, 45, and 56(e) in this case." Plaintiff wants this language omitted. We believe it should remain part of the definition because it provides clarity and a standard by which the parties can operate and the Court assess alleged deficient conduct in the event a dispute arises. Acknowledging the inherent uncertainties potentially present in how all litigation unfolds, the "reasonably anticipated" standard affords the parties a useful benchmark to assist in determining what documents to keep and mitigates against arbitrary decisions. Consistent with that fact, we also note that record retention orders in other cases involving claims by Indian tribes of demands for accounting and allegations of tribal asset mismanagement have included this specific language. See Pueblo of Laguna v. United States,, 60 Fed. Cl. 133, 143 (2004); Jicarilla Apache Nation v. United States, No. 02-25L (Order filed March 19, 2004 at Docket No. 59).

Respectfully submitted this 31st day of August, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Terry M. Petrie*
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov

SHANI N. WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **"Defendant's Notice of Filing a Proposed Record Retention Order"** was served on August 31, 2007, by Electronic Case Filing, on the following counsel:

Kennis Monte Bellmard, II
Andrews Davis, P.C.
100 North Broadway
Suite 3300
Oklahoma City, OK 73012

*Counsel for Plaintiff*

*s/ Terry M. Petrie*
TERRY M. PETRIE