IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAWNEE NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-CV-00002-L |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUBMISSION OF PROPOSED RECORD RETENTION ORDER**

COMES NOW the Plaintiff, the Pawnee Nation of Oklahoma ("Tribe"), pursuant to this Court's August 14, 2007, Order directing the parties to confer regarding the submission of a proposed order on the issue of record retention and preservation, and states as follows:

1. Pursuant to the Court's Order, counsel for the parties have conferred regarding the content of a proposed record retention order.

2. The parties are in general agreement with one notable exception: In Paragraph 2(b). Paragraph 2(b) is reproduced herein, with strikeout indicating language the Tribe desires to be omitted from the final order:

> (b) "Preserve" shall be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things ~~reasonably anticipated to be subject to discovery under RCFC 26, 45, and 56(e) in this case~~. "Preserve" includes the parties taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible. The term also includes the parties taking reasonable steps to prevent the relocation of documents, data, and tangible things, if such relocation would result in the documents, data, or tangible things no longer being in the possession, custody, or control of the party from whom the documents, data, and tangible things are relocated.

3. The parties have been unable to agree on mutually acceptable alternate language.

4. The Tribe's position is that for the contemplated record retention order to have full effect, it must take a broad view of the documents to be protected.

5. The United States seeks to impose a qualifying standard for documents that must be retained, but the standard expressed in the language at issue does not impose an objective standard of what must be retained. It places the decisions about what documents to retain squarely within the subjective determination of the United States

6. Given the complex nature of this litigation and the multitude of financial transactions that could be relevant to the Tribe's claims, the loss of historical documentation could severely prejudice the Tribe and impair its ability to prosecute its case.

7. Since the outset of this litigation, the parties have expressed an intention to resolve this dispute as quickly as possible through negotiation and settlement. However, the parties have not yet reached an agreement that would limit the Tribe's claim as to types of transactions, time period or otherwise. As a result, it is impossible to predict what documents may be relevant should this matter go to trial.

8. As part of its ongoing trust responsibility to the Tribe, the United States has an obligation to maintain records relating to its administration of the Tribe's assets and to make those records available to the Tribe. The language proposed by the United States, however, would make it the arbiter of what documents the Tribe will require to prosecute its case. Given that the Tribe's claims against the United States relate to the federal government's mismanagement of the Tribe's assets, this places the United States in something of a conflict,

and it should not be permitted to destroy potentially relevant documents even though such relevance might not be immediately apparent.

9. It is to the benefit of both parties that this case be litigated on as complete a record as possible. To allow the United States to guess what documents might or might not be relevant and destroy what it deems unimportant could result in a grave injustice for both sides.

10. Although it is possible that the proposed document retention order might impose certain burdens on the United States, these burdens will be lifted as soon as the parties can successfully settle this case, these additional requirements will be lifted.

11. Accordingly, the Pawnee Nation asks the Court to enter the proposed order submitted by the Tribe without the qualifying language proposed by the United States.

s/ Michael D. McMahan
Kennis M. Bellmard II, OBA #13965
Counsel of Record
Timothy M. Larason, OBA #5239
Sandra Benischek Harrison, OBA #18647
Michael D. McMahan, OBA #17317
Of Counsel
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Fax: (405) 235-8786
www.andrewsdavis.com

ATTORNEYS FOR PLAINTIFF
PAWNEE NATION OF OKLAHOMA

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2007, I electronically transmitted the attached document to the Clerk of U.S. Court of Federal Claims using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Terry Petrie and Anthony P. Hoang
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

s/ Michael D. McMahan