# In the United States Court of Federal Claims

No. 07-002L
Filed October 26, 2007

************************************

PAWNEE NATION
OF OKLAHOMA,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

************************************

## PROTECTIVE ORDER

Pursuant to Rule of the Court of Federal Claims 26(c) ("RCFC"), as well as the Court's inherent power to regulate its proceedings and maintain the integrity of its functions, the Court hereby issues the following Order:

### 1. Obligation to Preserve Certain Documents, Data, and Tangible Things

During the pendency of this litigation (including informal settlement discussions, ADR, and/or any appeals herein), the parties, as well as their agencies, their employees, and their agents, will take reasonable steps to preserve those documents, data, or tangible things that are in their possession, custody, or control, and that contain information that is relevant to, or may reasonably lead to the discovery of information that is relevant to, the subject matter of the pending litigation (including claims and defenses), as that subject matter is set forth in the Complaint and any amendments thereof and the Answer to such complaint and any amendments thereof. This Order does not impose an obligation on the parties to retain duplicate copies of the documents, data, or tangible things that are subject to the Order. Additionally, nothing in this Order Supplants the discovery obligations under the RCFC.

### 2. Mechanism for Ensuring Compliance With This Order

Defendant, in consultation with Plaintiff, shall establish a mechanism for ensuring on-going compliance with this Order, such as periodic reminders of record retention obligations to be sent to appropriate document repositories by a date to be determined by the Court and then every six months

thereafter for the pendency of this case. Defendant shall file a report setting forth its compliance mechanism, within 60 days of the date of this Order. The compliance mechanism shall include the parties' specification of the subject matters at issue in this litigation and the documents, data, or tangible things that the parties reasonably anticipate to be subject to discovery in this case and to this Order. Counsel shall notify the Court and opposing counsel, as soon as is reasonably possible, if, at any time, they become aware of a violation of Paragraph 1 of this Order (i.e., the destruction or loss of certain documents, data, and/or tangible things).

**3. Definitions**

For purposes of this Order, the following terms are to defined as follows:

(a) "Documents, data, and tangible things" shall be interpreted to consist of writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic mail (e-mail) ; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic or digital recordings, or transcripts thereof; and circulated drafts. The term also shall include information that serves to identify, locate, or link documents, data, and tangible things, such as file inventories and indices.

(b) "Preserve" shall be interpreted to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery in this case as related to the subject matters defined by the Parties under paragraph 2 above. "Preserve" includes the parties taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible.

**4. Movement(s) or Transfer(s) of Certain Documents, Data, and Tangible Things**

In the event that Defendant anticipates moving or transferring trust documents relating to Plaintiff from the Southern Plains Regional Office (BIA) and the Pawnee Agency (BIA) to the American Indian Records Repository (AIRR), Defendant shall provide Plaintiff with notice of such document movement at least 20 days in advance of the movement. Such written advance notice shall include a copy of any move plans and box inventories produced pursuant to regulations and procedures governing movement of trust documents.

**5. Dispute Resolution**

If a party desires clarification of any issue(s) related to the parties' obligations pursuant to, or compliance with, this Order, or believes that the opposing party has violated any term of this

Order, the party shall notify the opposing party in writing and state the issue(s) requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issue(s) in a mutually agreeable manner or resolve the dispute. If the parties cannot clarify the issue(s) in a mutually agreeable manner or do not resolve the dispute, within a period of 20 days either party may file a motion with the Court seeking a ruling regarding the parties' obligations under, and compliance with, this Order.

**6. Further Instructions, Clarification, or Modification of This Order**

Each party may apply to the Court, at any time, for further instructions, clarification, or modification of this Order, regarding, inter alia, their obligations to preserve specific categories of documents, data, and tangible things covered by the Order. The parties are encouraged to confer among themselves and to make a joint proposal or submission to the Court, wherever appropriate or possible.

The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order in the event such information is not confidential, privileged, proprietary, or would adversely affect national defense and/or national security upon public disclosure.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**