IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAWNEE NATION, a<br>Federally recognized Indian Tribe<br><br>Plaintiff,<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO: 07-cv-00002<br><br>Judge Susan G. Braden |

DECLARATION OF SHANI N. WALKER

I, Shani N. Walker, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Attorney-Advisor in the Indian Trust Litigation Office at the Office of the Solicitor of the Department of the Interior (DOI). I am agency counsel in the above-captioned case.

2. On October 25, 2007, I prepared and sent via facsimile a memorandum to the three offices that I believed to be most likely to have "documents, data or tangible things" within the meaning of this Court's October 22, 2007, Records Retention Order (RRO), to ask for a teleconference to discuss the requirements of that RRO. The three offices were the Bureau of Indian Affairs (BIA) Southern Plains Regional Office in Anadarko, Oklahoma and the BIA Pawnee Agency, in Pawnee Oklahoma; and the headquarters of the Office of the Special Trustee for American Indians (OST), which is located in Albuquerque, New Mexico. My memorandum was accompanied by a copy of the October 22, 2007 RRO. A true and correct copy of the memo and attachments, is attached hereto as Exhibit A.

3. On October 29, 2007, I prepared and sent via facsimile a memorandum to OST and the Regional and Agency offices of BIA, requesting a teleconference to discuss the requirements of this Court's amended Order, dated October 26, 2007. My memorandum was accompanied by a copy of that amended October 26, 2007 RRO. A true and correct copy of the memo and attachments, is attached hereto as Exhibit B.

4. On November 1, 2007, I then conducted the first of several telephone conferences with representatives of the BIA Southern Plains Regional Office, BIA Pawnee Agency and OST, concerning compliance with the October 26, 2007 RRO entered

in this case. Following the telephone conference, I sent via facsimile all represented parties a copy of an earlier memorandum by Lawrence Jensen, Deputy Solicitor, dated March 12, 2007, entitled "Litigation Hold: Preservation of Information in Tribal Trust Cases," which had reminded all Interior offices and bureaus of the obligation to preserve all "information concerning any Tribe or group of Indians for which the Department administers or has administered assets in trust." A true and the March 12th memo, is attached hereto as Exhibit C.

5. On November 20, 2007, I received a copy of a Memorandum from Paul Smyth, Counselor to the Solicitor, addressed to the Office of the Secretary, Assistant Secretaries and other heads of offices and bureaus within DOI. The Smyth Memorandum was accompanied by copies of each of the eight RROs entered to date in tribal trust litigation in the Court of Federal Claims, and it requested each office and bureau to designate, on or before November 29, 2007, a RRO Compliance Coordinator (CC) to document DOI-wide compliance measures for all of those RROs, including that entered in this case. A true and correct copy of the Smyth Memorandum is attached as Exhibit D.

6. On December 6, 2007, I was one of several attorneys from the Solicitor's Office who then participated in a conference call with RRO CCs from throughout DOI, in order to further discuss RRO compliance measures. A true and correct copy of the letter faxed to all participants on December 7, 2007, that memorialized this teleconference, including specific steps to be taken to document various RRO compliance measures, is attached as Exhibit E.

7. On December 18, 2007, I received a copy of a draft guidance memo faxed by my Office to all RRO CCs, that same day, which detailed an additional range of compliance measures potentially applicable to some or all DOI offices and bureaus and requested responses from all addressees on or before January 4, 2008. A true and correct copy of that draft guidance memo is attached as Exhibit F.

Executed on December 21, 2007.

Shani N. Walker

SHANI N. WALKER