IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **PAWNEE NATION,** Plaintiff | ) | **Case No. 07-CV-00002-SGB** |
| v. | ) | **Declaration of Bruce W. Maytubby** |
| **UNITED STATES Of AMERICA** Defendant | ) | |

I, Bruce W. Maytubby, as the Bureau of Indian Affairs ("BIA") Deputy Regional Director, Trust Services, of the Southern Plains Region, pursuant to 28 U.S.C. § 1746 do hereby declare and state:

1. I have been employed by BIA since June 1977 and have held my current position since December 1988. As Deputy Regional Director, Trust Services, I have been familiar since at least 2002 with the Department of Interior's policy that requires that all Indian fiduciary trust records be preserved indefinitely, and forbids their destruction in any case. As Deputy Regional Director, I also am aware of my responsibility to ensure that BIA employees under my supervision comply with that records preservation policy, including but not limited to records related to the Pawnee Nation. I am responsible for coordinating our compliance with the Order issued by the Court. Since December 2006, I have been in contact with both Regional Office staff (Sharlene Round Face, Regional Realty Officer, Jerry Williams, Natural Resource Officer, various Acting Managers, Land Titles and Records Office, and Novella Hunt, Regional Records Liaison, OST) and the Superintendent, Pawnee Agency, regarding this litigation.

2. On April 16, 2007, I received a national broadcast message sent to all BIA employees by the Assistant Secretary-Indian Affairs on the BIA intranet regarding the litigation hold and preservation of records or information in the Tribal Trust Litigation Cases. That message included a copy of the March 12, 2007 memorandum from the Deputy Solicitor which described the information to be preserved along with the list of tribes having filed litigation against the United States as of March 6, 2007. This list included the Pawnee Nation. A copy of the broadcast notice and the Deputy Solicitor's memorandum are attached here as 'Exhibit A'.

3. On October 29, 2007, I received a copy of this Court's October 26, 2007 amended Order for Pawnee Nation concerning the retention of Relevant Records in this case from the Solicitor's Office. Consistent with their instructions, I distributed the portions of the Document Preservation Order pertaining to records preservation to principal Bureau parties, directing their attention to key aspects (i.e., individual tasks, responsible parties, timelines, etc.) of the litigation. Since then, I have had additional discussions with the Solicitor's Office concerning document preservation policies and procedures appropriate for the Southern Plains Regional Office as well as the Pawnee BIA Agency, which reports to this Region.

4. On November 1, 2007, I prepared a Record of Action for November 1, 2007, documenting the actions I took with Regional Staff in response to those additional discussions held with Solicitor's Office regarding compliance with the Court's Document Preservation Order. A copy of that Record of Action is attached as 'Exhibit B'.

5. On December 12, 2007, I received an email from Bob Harnage, BIA Records Retention Liaison, who had issued a notice to all BIA Regional Directors and Deputy Regional Directors, which provided clarification and direction as to information to be retained that relates to the management of, or accounting for any Indian trust assets, whether monetary or non-monetary, and the location thereof, and which asked all addressees to advise by December 14, 2007 whether they have any Relevant Information as defined in the Court's Order. A copy of that email is attached here as 'Exhibit C'. In response to that email, I issued an email to principal Bureau parties, to direct their attention to key portions of the December 12, 2007, email from Mr. Harnage, and to appoint office contacts for data calls associated with this Tribal Litigation. A copy of that email is attached here as 'Exhibit D'.

6. I am currently taking steps to create measures to further ensure compliance with the Court's Records Retention Order in this case, throughout the Southern Plains Regional Office (including at the Pawnee Agency where many Pawnee Nation records are kept). These measures may include, for example:

a. Issuing e-mail reminders of the terms of the Court's Order to all Southern Plains BIA personnel on a quarterly basis; AND

b. Including compliance with the Order as an item in records training for new staff members, and in refresher courses for staff members who work with trust records.

In addition to the foregoing, I will require that staff members be reminded to direct any questions about records to the Records Liaison from OTR, and to promptly report any suspected incidents of destruction of Relevant Records to their immediate supervisor, who will then report to me. I will report any such incidents of destruction to the Solicitor's Office, and will refer any questions regarding compliance with the Court's Order there, as well. I understand that further guidance may be issued from time to time by the Solicitor's Office on these compliance matters, and I am prepared to fully implement all such guidance, as well.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on December 20, 2007.

Bruce W. Maytubby