# THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **PAWNEE NATION OF OKLAHOMA** | ) | **Case No. 1:07-cv-00002** |
| | ) | |
| Plaintiff | ) | |
| | ) | **DECLARATION OF** |
| v. | ) | **BRIAN B MCCAULEY** |
| **UNITED STATES OF AMERICA** | ) | |
| Defendant | ) | |
| ______________________________ | ) | |

I, Brian B. McCauley, pursuant to 28 U.S.C. § 1746 do hereby declare and state:

1. I am the Records Officer for the Minerals Management Service (MMS) in the Department of Interior. I have been employed in this capacity at the MMS since June 2005. My duties include the coordination of records management operations throughout the MMS.

2. In my role as the MMS Records Officer, one of my responsibilities is to ensure that MMS employees understand and follow all applicable requirements for the preservation of Indian trust records within MMS possession, custody, or control. This is accomplished in part by distributing periodic e-mail messages to MMS records personnel emphasizing the critical importance of the preservation of Indian trust records. These personnel are comprised of program records officers, specialists, coordinators and custodians tasked by their programs with providing guidance and requesting compliance with Department of

Interior and MMS records management procedures and policies within their respective program areas. They are members of the MMS Records Management Committee (MMSRMC), a chartered committee that includes as part of its mission, conducting monthly teleconferences to review critical ongoing records management topics such as records preservation orders related to ongoing litigation involving the Department the Interior as a named party. The MMSRMC also posts information and compliance requirements regarding litigation holds and records freezes in force on its intranet web-site.

3. On April 4, 2007, Lucy Querques Denett, the Associate Director for Minerals Revenue Management (MRM) (a program within MMS) distributed via e-mail a Memorandum dated March 12, 2007, from Larry Jensen, Deputy Solicitor. The Jensen Memorandum was addressed to all Interior offices and bureaus, directing them to, among other things, preserve information potentially relevant to any tribal trust litigation. The Memorandum further reiterated the preexisting Interior policy requiring the indefinite retention of all categories of Indian Fiduciary trust records, regardless of the existence of any pending litigation, and was distributed by Ms. Denett to those MMS employees identified as possessing potentially Relevant Information for Pawnee Nation.

4. On or about November 21, 2007, MMS received the November 20, 2007, Memorandum from Paul Smyth, Counselor to the Solicitor, which was addressed to the Office of the Secretary and the heads of various offices and bureaus within Interior. The Memorandum was accompanied by copies of various Records Retention Orders (RROs) issued in the Court of Federal Claims, including one for Pawnee Nation, and further requested that each addressee appoint a Compliance Coordinator. I am currently appointed as one of the Record Retention Orders (RRO) Compliance Coordinators for MMS in the Pawnee Nation case. I understand my responsibilities as a RRO CC includes ensuring timely dissemination of litigation holds and preservation orders intended for the purpose of locating, identifying and retaining potentially responsive records in the Pawnee Nation matter.

5. On December 6, 2007, MMS participated in a teleconference with the Solicitor's Office and other RRO CCs from throughout Interior, in which additional compliance measures were discussed. On December 7, 2007, MMS received a copy of a memorandum from the Solicitor's Office memorializing the points raised in that teleconference. In response to that teleconference, on December 17, 2007, I distributed an e-mail message to the MMSRMC and designated eDiscovery liaisons appointed by the four bureau programs (Administration & Budget, Minerals Revenue Management, Off-Shore Minerals Management and Policy & Management Improvement) outlining the records preservation requirements of the Jensen and Smyth memoranda and the various Records Retention Orders. This message also included both the Jensen

and the Smyth memoranda as attachments. A true and correct copy of my e-mail message and attachments are attached here as Exhibit A.

6. On December 18, 2007, MMS received a draft guidance memorandum from the Solicitor's Office that proposed additional measures, and requested responses from all RRO CCs on or before January 4, 2008. MMS intends to review the guidance memorandum draft and work to provide comments to the Solicitor's office by the requested date. In addition, the final version of the guidance memorandum will be disseminated to the MMSRMC and eDiscovery liaisons for implementation within the MMS programs. In addition, I will require staff members direct any questions about records either to me or to another person who may be designated by MMS for this purpose. I will also require that staff members promptly report any suspected incidents of destruction of Relevant Records to me. I will immediately report any such suspected incidents to the Solicitor's Office. I understand that further guidance may be issued from time to time by the Solicitor's Office on these compliance matters, and I am prepared to fully implement all such guidance as well.

Executed this 20th day of December, 2007.

BRIAN B. MCCAULEY